**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR MANUEL CARRILLO-RAMOS; et al., <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-71289 <br><br> Agency Nos. A208-126-369 <br> A208-124-955 <br> A208-124-956 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020**

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Edgar Manuel Carrillo-Ramos, Maldilla Velazquez-Carrillo, and their son,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Substantial evidence also supports the agency's determination that petitioners failed to establish the harm they experienced or fear was or would be on account of religion, political opinion, or gender. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (holding that gang victimization for economic and personal reasons did not occur on account of a political opinion). In addition, substantial evidence supports the agency's

determination that Carrillo-Ramos failed to establish a nexus to his family-based social group. *See Ayala*, 640 F.3d at 1097.

However, the agency found the threats Velazquez-Carrillo and her son received did not have a nexus to their familial relationship with Carrillo-Ramos. Substantial evidence does not support that determination. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1026-27 (9th Cir. 2010) (remanding where testimony compelled conclusion that petitioner was harmed, at least in part, on account of a protected ground); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (holding that the less demanding "a reason" standard applies to withholding of removal claims); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (an asylum applicant establishes that a protected ground was "one central reason" for persecution where the persecutor would not have harmed the applicant absent that motive). Thus, we grant the petition for review, and remand their asylum and withholding of removal claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**